UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JASON PALAZZO | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | SECTION |
| | * | |
| QUALITY FIRST CONSTRUCTION, LLC | * | JUDGE |
| D/B/A QUALITY FIRST MARINE | * | |
| | * | MAGISTRATE |
| | * | |

**********************************************************************

## COMPLAINT FOR DAMAGES

The Complaint for Damages of JASON PALAZZO, a person of majority age residing in Jefferson Parish, Louisiana, with respect represents:

1.

Made Defendant herein is QUALITY FIRST CONSTRUCTION, LLC, D/B/A QUALITY FIRST MARINE (hereinafter "QUALITY FIRST") a Louisiana limited liability company with its primary place of business located in Covington, Louisiana, and authorized to do, and doing, business in this state and judicial district at all times.

2.

This Honorable Court has jurisdiction over this matter pursuant to the Jones Act, 46 U.S.C. §30104 et. seq., and the General Maritime Law of the United States.

3.

Plaintiff, JASON PALAZZO, would show that this lawsuit has become necessary as a result of personal injuries he sustained on or about September 2, 2020, during the course and scope of his employment as a seaman for Defendant, QUALITY FIRST.

4.

On or about September 2, 2020, Defendant, QUALITY FIRST, owned, operated, and/or controlled the M/V LADY MICHELLE, a push boat, and Defendant, QUALITY FIRST, employed Plaintiff, JASON PALAZZO, as a deckhand, on said vessel.

5.

On or about September 2, 2020, while the M/V LADY MICHELLE was in navigable waters, Plaintiff sustained severe, painful, and disabling injuries to his left leg, back, SI Joint, and other parts of his body as a result of the negligence of Defendant, QUALITY FIRST, and the unseaworthiness of the M/V LADY MICHELLE.

6.

At the time of the occurrence, the M/V LADY MICHELLE had barges in tow, which were owned, controlled, and/or operated by Defendant, QUALITY FIRST.  The crew was attempting to moor the M/V LADY MICHELLE on pilings in strong winds which caused one of the barges to swing out.  Without warning, a line tied to a cleat on the piling kicked back and struck Plaintiff. As a result of the impact, Plaintiff was knocked onto the deck of the barge and sustained injuries.

## **COUNT ONE – NEGLIGENCE**

7.

At all relevant times, it was feasible for Defendant, QUALITY FIRST, to provide to Plaintiff, and said Defendant owed to Plaintiff, duties of care to provide, *inter alia*, a safe place to work.

8.

Plaintiff further contends that on the occasion in question, Defendant, QUALITY FIRST, acting through its officers, agents, servants and/or employees, were careless and negligent in the following respects:

a. In failing to provide a safe work environment;

b. In failing to adequately secure the barges in tow;

c. In failing to undertake precautions to keep the barge(s) from swinging out;

d. In failing to properly inspect and maintain the vessel's equipment in a safe and adequate condition;

e. In failing to institute and enforce adequate safety policies and procedures for tying barges;

f. In failing to properly train and supervise the vessel's crewmembers;

g. Other acts of negligence as proven at time of trial.

9.

Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to suffer the hereinafter complained of injuries for which Defendant, QUALITY FIRST, is liable to Plaintiff in damages.

10.

Plaintiff brings this cause of action against the aforesaid Defendant pursuant to the Jones Act, 46 U.S.C. § 30104 et. seq.

## **COUNT TWO - UNSEAWORTHINESS**

11.

Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

12.

At all reasonable times, it was feasible for Defendant, QUALITY FIRST, to provide to Plaintiff, and said Defendant owed to Plaintiff duties to provide a vessel seaworthy in all respects, including but not limited to its hull, engines, apparel, appurtenances, equipment, furnishings, fixtures, and complement.

13.

On or about September 2, 2020, Defendant, QUALITY FIRST, breached said duty of care by failing to provide any/or all of these particulars or others as may be disclosed upon discovery hereafter, and the vessel was unseaworthy in the following particulars:

   a. The vessel had an incompetent master and/or crew;

   b. The vessel and barges lacked adequate tools and equipment, including, but not limited to lines and wires, to keep the barges adequately secured in tow;

   c. The vessel lacked safe and adequate mechanical equipment and/or tools to assist Plaintiff;

   d. The vessel lacked sufficient crewmembers that were properly trained to safely perform the tasks at hand; and

   e. Other unseaworthy conditions as proven at time of trial.

14.

Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to suffer the hereinafter complained of injuries for which Defendant, QUALITY FIRST, is liable to Plaintiff in damages.

15.

Plaintiff brings this cause of action against the aforesaid Defendant pursuant to the General Maritime Law of the United States of America.

### COUNT THREE - MAINTENANCE AND CURE BENEFITS

16.

Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

17.

As a result of the shipboard injuries described herein, which manifested while Plaintiff was in the service of M/V LADY MICHELLE, Plaintiff has sought reasonable and necessary medical treatment, as he is entitled to maintenance and cure benefits.

18.

The Defendant is aware of Plaintiff's need for medical care for the injuries caused by and manifested while Plaintiff was in the service of its vessel, which treatment Plaintiff continues to need, wants, and intends to undergo, and has also requested that Defendant authorize and pay for his prescribed medical treatment.

19.

Despite Plaintiff's request, the Defendant has arbitrarily, capriciously and without legal cause, failed and/or refused to investigate Plaintiff's claim of entitlement to cure and to authorize pay for his necessary medical treatment and maintenance benefits.

20.

As a result of Defendant's negligence, and the willful, arbitrary and capricious failure to investigate Plaintiff's cure claim, provide prescribed medical treatment for Plaintiff's injuries and pay maintenance benefits, Plaintiff's physical and mental pain and suffering have been aggravated and intensified and his recovery has been prolonged, delayed and impaired.

21.

By reason of foregoing, Plaintiff seeks, and is entitled to recover from Defendant, all expenses associated with necessary reasonable medical care from September 2, 2020 until he reaches maximum medical cure according to his treating physician, and continued maintenance benefits, retroactive to September 2, 2020, the date Plaintiff began to lose time as a result of the incident.

22.

Plaintiff brings this cause of action against the aforesaid Defendant pursuant to the General Maritime Law of the United States of America.

**DAMAGES**

23.

Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

24.

By reason of the foregoing, Plaintiff has suffered past and future physical and mental pain and suffering, permanent physical scarring and disability and loss of wage earning capacity for which Plaintiff seeks and is entitled to recover from Defendant, compensatory damages in an amount to be determined at trial, plus found and fringe benefits.

25.

By reason of the foregoing, Plaintiff is further entitled to recover punitive damages for Defendant's refusal to honor its cure obligation, plus reasonably attorney's fees in an amount to be set by this Court because Plaintiff had to retain counsel to pursue this cause of action.

26.

Plaintiff hereby requests a trial by jury on all issues raised herein.

WHEREFORE, Plaintiff, JASON PALAZZO, prays for judgment in his favor and against Defendant, QUALITY FIRST, for past and future maintenance and cure benefits, for compensatory damages in the amount reasonable under the circumstances of this cause, for all taxable costs and interest as allowed by law, and for additional general and equitable relief, which the circumstances of this cause may require.

Respectfully Submitted,

Thomas W. Shlosman (LA Bar No. 34086)
Shlosman Law Firm
4907 Magazine Street
New Orleans, LA 70115
(504) 826-9427 Phone
(504) 324-0431 Fax
tom@shlosmanlaw.com

- 8 -

**PLEASE SERVE:**

QUALITY FIRST CONSTRUCTION, LLC,
Through its registered agent,
Christina Thuy Couvillion
1254 N. Columbia Street
Covington, LA 70433