UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JASON PALAZZO                                    CIVIL ACTION

VERSUS                                           NO: 21-778

QUALITY FIRST CONSTRUCTION,                      SECTION: H
LLC D/B/A QUALITY FIRST MARINE

## ORDER AND REASONS

Before the Court is Plaintiff Jason Palazzo's Motion for Sanctions for Quality First Construction's Spoliation of Evidence (Doc. 56). For the following reasons, the Motion is **DENIED.**

## BACKGROUND

This case arises out of an injury sustained by Plaintiff on September 2, 2020.[1] Plaintiff was employed by Quality First Construction, LLC, D/B/A Quality First Marine ("Quality First") as a deckhand aboard the M/V LADY MICHELLE, a vessel which had barges in tow. After Plaintiff tied a barge to a piling, it was pushed away by strong winds. As Plaintiff walked away, he was struck in the left leg by a portion of the metal shackle that had broken free of the piling. As a result of this incident, Plaintiff was knocked to the deck and

---

[1] Doc. 11 at ¶ 7.

1

suffered injuries.[2] Plaintiff brought this suit against Quality First, alleging negligence and unseaworthiness.[3]

Now before the Court is Plaintiff's Motion for Sanctions for Quality First's Spoliation of Evidence on the grounds that Defendant intentionally spoliated evidence, specifically, the shackle that struck Plaintiff. Plaintiff seeks an adverse evidentiary inference instructing the jury that Quality First destroyed unfavorable evidence and an order requiring Quality First to pay Plaintiff's reasonable attorney's fees and costs incurred in filing the Motion.[4] Defendant opposes.[5]

## LAW AND ANALYSIS

In his Motion, Plaintiff invokes the spoliation of evidence doctrine, which concerns the intentional destruction of evidence.[6] "If a party intentionally destroys evidence, the trial court may impose sanctions on the responsible party."[7] "Federal district courts have the inherent power to issue sanctions, but such power 'must be exercised with restraint and discretion.'"[8] "The preferred sanction in [the context of spoliation] is 'the well-established and long-standing principle of law that a party's intentional destruction of evidence

---

[2] *Id.*
[3] Doc. 11
[4] Doc. 56-1 at 1.
[5] Doc. 67.
[6] Williams v. C Martin Co., No. 07–6592, 2014 WL 1652438, at *3 (E.D. La. Apr. 24, 2014) (citing Lafayette Ins. Co. v. CMA Dishmachines, No. Civ.A. 03-1098, 2005 WL 1038495, at *3 (E.D. La. Apr. 26, 2005)).
[7] *Id.* (citing Savarese v. Pearl River Navigation, No. 09–129, 2010 WL 1817758, at *2 (E.D. La. Apr. 30, 2010)).
[8] Collins v. Benton, No. 18-7465, 2021 WL 5283974, at *3 (E.D. La. Nov. 12, 2021) (quoting Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc., 2 F.3d 1397, 1406 (5th Cir. 1993) (internal quotations omitted)).

relevant to proof of an issue at trial can support an inference that the evidence would have been unfavorable to the party responsible for its destruction.'"[9]

"To find spoliation of evidence, the court must first determine: (1) the existence of a duty to preserve the information; (2) a culpable breach of that duty; and (3) resulting prejudice to the innocent party."[10] For the reasons that follow, this Court finds that even if Defendant had a duty to preserve the shackle, Plaintiff has not shown a culpable breach of that duty nor prejudice to his case.

Courts find a culpable breach only upon a showing of the spoliators "'bad faith' or 'bad conduct.'"[11] "Bad faith, in the context of spoliation, generally means destruction for the purpose of hiding adverse evidence."[12] Quality First was first notified of this litigation on September 28, 2020, when it received a letter of representation from Plaintiff's counsel.[13] Plaintiff did not request the shackle in his initial discovery requests and did not inquire about the shackle until over a year later in January of 2022 when he did so informally in a deposition.[14] At that point, Defendant conducted a search for the shackle but could not find it.[15] Quality First's corporate representative, Christina Couvillion, stated that she guessed "somebody accidently threw it away."[16]

---

[9] *Id.* (alteration added) (quoting Kronisch v. United States, 150 F.3d 112, 126 (2d Cir. 1998)).
[10] Berkley v. Lafayette Cnty., No. 3:19-cv-217, 2021 WL 6755480, at *2 (N.D. Miss. Dec. 3, 2021) (citing Rimkus Consulting Grp., Inc. v. Cammarata, 688 F. Supp. 2d 598, 612, 615–16 (S.D. Tex. Feb. 19, 2010)).
[11] Guzman v. Jones, 804 F.3d 707, 713 (5th Cir. 2015) (quoting Condrey v. SunTrust Bank of Ga., 431 F.3d 191, 203 (5th Cir. 2005)); *see Berkley*, 2021 WL 6755480, at *3 ("To find breach of the duty to preserve, the party 'must have acted in bad faith or with a culpable state of mind in failing to preserve the . . . evidence at issue.'")
[12] *Id.* (citing Mathis v. John Morden Buick, Inc., 136 F.3d 1153, 1155 (7th Cir. 1998)); *see also* Vick v. Tex. Emp. Comm'n, 514 F.2d 734, 737 (5th Cir. 1975) ("Mere negligence is not enough, for it does not sustain an inference of consciousness of a weak case.").
[13] Doc. 56-1 at 8.
[14] Doc. 67 at 1.
[15] *Id.* at 2.
[16] Doc 56-13 at 7.

3

Plaintiff contends that this explanation is neither "credible" nor "reasonable," and thus, this constitutes bad faith.[17] Contrary to Plaintiff's assertion, it does seem credible that a piece of what appeared to be scrap metal aboard a vessel would be discarded or misplaced. Beyond this assertion that Defendant's explanation is not credible, Plaintiff offers no other evidence of bad faith. Plaintiff's response is insufficient to prove bad faith or even to cast doubt on the Defendant's suggestion. "Mere negligence is not enough" to sustain a claim for spoliation of evidence, and the Court does not find sufficient evidence to support a finding of bad faith.[18]

Next, "the prejudice element is satisfied 'where a party's ability to present its case or to defend is compromised.'"[19] Plaintiff argues his case is prejudiced because his expert was unable to examine the shackle and because he will be unable to introduce the actual shackle into evidence at trial.[20] But as Defendant asserts, it documented the incident with reports and photographs which were shared with Plaintiff, and a piece of the shackle remains affixed to the piling if Plaintiff had wished to analyze the metallurgical properties or its structural integrity.[21] Furthermore, Plaintiff may use demonstrative evidence to represent the shackle at trial. Accordingly, the Court finds that Plaintiff's ability to present his case is not compromised.

Because Plaintiff has failed to satisfy essential elements of his spoliation claim, his Motion must be denied.

## **CONCLUSION**

---

[17] Doc. 56-1 at 12.
[18] *Vick*, 514 F.2d at 737.
[19] Ashton v. Knight Transp., Inc., 772 F. Supp. 2d 772, 801 (N.D. Tex. Feb. 22, 2011) (quoting Victor Stanley, Inc. v. Creative Pipe, Inc., 269 F.R.D. 497, 532 (D. Md. 2010)).
[20] Doc. 56-1 at 10.
[21] *Id.*

For the foregoing reasons, Plaintiff's Motion for Sanctions for Defendant Quality First Construction's Spoliation of Evidence (Doc. 56) is **DENIED.**

New Orleans, Louisiana, this 29th day of August, 2022.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

5